IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ALEXIS BIRBAGHER,

    Plaintiff,

v.

CAVALRY PORTFOLIO SERVICES, LLC,

    Defendant.

Case No.: 13-15387 SP 23 (43)

## COMPLAINT FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT §§ 559.55-559.785, FLORIDA STATUTES

COMES NOW, the Plaintiff, ALEXIS BIRBAGHER, hereinafter "Plaintiff" by and through the undersigned counsel and hereby brings this action against Defendant, CAVALRY PORTFOLIO SERVICES, LLC, hereinafter "Defendant", for statutory and/or actual damages, and attorney's fees for violations under the Florida Consumer Collection Practices Act §§ 559.55-559.785, Florida Statutes (hereinafter "FCCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter the "FDCPA") and § 501.204, Florida Statutes, also known as the Florida Deceptive and Unfair Trade Practices Act and in support thereof alleges as follows:

### JURISDICTION AND PARTIES

1.    This is an action for actual and/or statutory damages as provided for under §559.77, Florida Statutes, 15 U.S.C. §1692k(a)(1) and/or 15 U.S.C. §1692k(a)(2)(A) and § 501.204, Florida Statutes, also known as the Florida Deceptive and Unfair Trade Practices Act that exceeds $500 but does not exceed $2,500, exclusive of costs, interest and reasonable attorney's fees.

2. That at all times material hereto, the Plaintiff was and is a resident of Miami-Dade County, Florida and is otherwise *sui juris*. Venue is provided for under §559.77, Florida Statutes as the unlawful practices alleged herein took place in Miami-Dade County and therefore, properly lies in this Court.

## COMMON ALLEGATIONS

3. Plaintiff, ALEXIS BIRBAGHER is an individual residing in the County of Miami-Dade, State of Florida, and is a "consumer" as defined by §559.55(2) of the FCCPA and 15 U.S.C. §1692a(3) of the FDCPA.

4. Plaintiff brings this action against Defendant based on the Defendant's practice of violating §559.72(3), (6) and (15), provisions of the FCCPA and 15 U.S.C. §1692e(8).

5. Defendant, CAVALRY PORTFOLIO SERVICES, LLC, a Delaware limited liability company, that regularly conducts business in the State of Florida where it engages and conducts business and Defendant is considered a "person" pursuant to the FCCPA and a "Debt Collector" pursuant to 15 U.S.C §1692a(6).

6. Plaintiff, as a result of Defendant's unlawful practices alleged herein, has been forced to retain the legal services of Militzok & Levy, P.A. for the purposes of prosecuting the instant matter and such attorneys are entitled to a reasonable attorney's fees pursuant to §559.77(2), Florida Statutes and 15 U.S.C. §1692k(a)(3).

## COUNT I
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
## §§ 559.55-559.785, FLORIDA STATUTES

7. The Florida Consumer Collection Practices Act, §§ 559.55-559.785, Florida Statutes was originally enacted in 1993 for the purpose of regulating the collection of consumer debts.

8. The FCCPA, codified as § 559.72 provides as follows:

**Prohibited practices generally.**-- In collecting consumer debts, no person shall:

(1) Simulate in any manner a law enforcement officer or a representative of any governmental agency;

(2) Use or threaten force or violence;

(3) Tell a debtor who disputes a consumer debt that she or he or any person employing her or him will disclose to another, orally or in writing, directly or indirectly, information affecting the debtor's reputation for credit worthiness without also informing the debtor that the existence of the dispute will also be disclosed as required by subsection (6);

(4) Communicate or threaten to communicate with a debtor's employer prior to obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection, but this shall not prohibit a person from telling the debtor that her or his employer will be contacted if a final judgment is obtained;

(5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false;

(6) Disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact. If a disclosure is made prior to such reasonable dispute having been asserted and written notice is received from the debtor that any part of the debt is disputed and if such dispute is reasonable, the person who made the original disclosure shall reveal upon the request of the debtor within 30 days the details of the dispute to each person to whom disclosure of the debt without notice of the dispute was made within the preceding 90 days;

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

(8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family;

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

(10) Use a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, when it is not;

(11) Communicate with a debtor under the guise of an attorney by using the stationery of an attorney or forms or instruments which only attorneys are authorized to prepare;

(12) Orally communicate with a debtor in such a manner as to give the false impression or appearance that such person is or is associated with an attorney;

(13) Advertise or threaten to advertise for sale any debt as a means to enforce payment except under court order or when acting as an assignee for the benefit of a creditor;

(14) Publish or post, threaten to publish or post, or cause to be published or posted before the general public individual names or any list of names of debtors, commonly known as a deadbeat list, for the purpose of enforcing or attempting to enforce collection of consumer debts;

(15) Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt;

(16) Mail any communication to a debtor in an envelope or postcard with words typed, written, or printed on the outside of the envelope or postcard calculated to embarrass the debtor. An example of this would be an envelope addressed to "Deadbeat, Jane Doe" or "Deadbeat, John Doe";

(17) Communicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor;

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within a reasonable period of time to a communication from the person, unless the

> debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication; or
>
> (19) Cause charges to be made to any debtor for communications by concealment of the true purpose of the communication, including collect telephone calls and telegram fees.

9. On or about, February 3, 2013, the Plaintiff mailed a dispute letter, to the Defendant.

10. Plaintiff specifically disputed the account listed on Plaintiff's credit report reported by the Defendant and demanded Defendant update the records it was disclosing to third parties.

11. Despite having received a dispute letter from the Plaintiff, Defendant failed to contact the third parties in which Defendant had previously disclosed the debt.

12. Defendant willfully violated §559.77 as the nature of the Defendant's noncompliances with §559.72 was so frequent and persistent that they could only be construed to be intentional acts.

13. As a result of this willful violation of §559.77, Plaintiff has suffered damages as a result of Defendant incorrectly reporting Plaintiff's credit worthiness, Plaintiff's impaired ability to rebuild Plaintiff's credit worthiness, Defendant misinforming third-parties as to the status of Plaintiff's account which is incorrect, inaccurate, misleading and/or false, Plaintiff's inability to obtain and benefit from new credit, and Plaintiff's mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

14. As such, Defendant is liable to Plaintiff as promulgated by the Florida State Legislature in §559.77(2) which provides as follows:

> "Upon adverse adjudication, the defendant shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff...The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part..."

15. At all times material to this action, Defendant violated § 559.72 of the FCCPA by engaging in willful and negligent acts which violate the statute as follows:

   a. Failing to inform the Plaintiff that the existence of Plaintiff's written dispute would also be disclosed to third parties in violation of §559.72(3).

   b. Reporting the inaccurate status of the inaccurate information to credit reporting agencies

and/or without including a notation that the debt was disputed in violation of §559.72(6);

c. Continuing to disclose and disseminate inaccurate and derogatory credit, account status and other information concerned the Plaintiff to credit reporting agencies and other entities without disclosing the details of the dispute pursuant to §559.72(6).

d. Failing to provide adequate identification of the identity of the Defendant after Plaintiff requested Defendant to do so in writing, in violation of §559.72(15).

WHEREFORE, the Plaintiff demands judgment against the Defendant, CAVALRY PORTFOLIO SERVICES, LLC for damages, including, but not limited to, actual damages, statutory damages, punitive damages, interest, costs and reasonable attorney's fees and a trial by jury of all issues triable as a matter of right by jury and such other relief as this Court deems just and proper.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et seq.

16. The Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), was enacted in 1978 to eliminate abusive practices in the collection of consumer debts, to promote fair debt collection and to provide consumers with an means for disputing and obtaining validation of debt information to ensure the information's accuracy.

17. Plaintiff is alleged to have incurred a financial obligation for which Defendant is attempting to collect on behalf of the original creditor or as an assignee of the original creditor. Such financial obligation is a "debt" as defined by 15 U.S.C. §1691a(5).

18. On or about, February 3, 2013, the Plaintiff mailed a dispute letter, to the Defendant.

19. Defendant is in receipt of Plaintiff's letter.

20. Defendant violated 15 U.S.C. 1692e(8) by failing to communicate that a disputed debt is disputed.

21. The foregoing acts and omissions of Defendant constitute violations of the FDCPA.

22. As a result of Defendant's FDCPA violations, Plaintiff has suffered costs and expenses as well as actual damages and is thus entitled to an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorneys fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

WHEREFORE, Plaintiff, prays that this Court enter judgment against the Defendant for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant, statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant, an award of costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant, a trial by jury of all issues triable as a matter of right by jury and such other relief as this Court deems just and proper in the sound discretion of this Court.

## COUNT III
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
## §§ 501.204, FLORIDA STATUTES

23. On or about, February 3, 2013, the Plaintiff mailed a dispute letter, to the Defendant.

24. Defendant is in receipt of Plaintiff's letter.

25. Defendant violated 15 U.S.C. 1692e(8) by failing to communicate that a disputed debt is disputed.

26. Defendant failed to provide any written response to Plaintiff's letter and nevertheless continued to engage in the collection of the debt that was the subject matter of the dispute letter

27. The Defendant's continuous and known violations of the Florida Consumer Collection Practices Act and the Federal Fair Debt Collection Practices Act, as and part of its normal course of business constitute unfair and deceptive acts and practices in the conduct of this business in violation of § 501.204, Florida Statutes, also known as the Florida Deceptive and Unfair Trade Practices Act (hereinafter, "FDUPTA").

28. That Plaintiff sent a dispute letter to the Defendant, that the Defendant received the dispute letter, that the Defendant purposely failed to respond to the dispute letter and failed to communicate that a disputed debt is disputed is a violation of FDUTPA.

29. The acts and actions of the Defendant alleged herein are deceptive, fraudulent, and unconscionable acts conducted in the operation of a trade or business and violate the provisions of the FDUPTA. As a continuing pattern of deceptive acts, the Defendant has engaged in similar business practices against other consumers.

30. As a direct and proximate cause of Defendant's violation of said act, Plaintiff has suffered damage.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount equivalent to Plaintiff's actual or statutory damages, punitive damages, and payment of Plaintiff's attorney's costs and reasonable fees, as provided by the Act.

DATED: August 4, 2013.

MILITZOK & LEVY, P.A.
*Attorneys for Plaintiff*
The Yankee Clipper Law Center
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
(954) 727-8570 x101 - Telephone
(954) 241-6857 – Facsimile
mjm@mllawfl.com - E-Mail
mason@mllawfl.com - Secondary Service
FLService@mllawfl.com – E-Service

By: /s/ Matthew J. Militzok
 Matthew J. Militzok, Esq.
 Florida Bar No.: 0153842